IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NATHAN ROBERT GONINAN,    )
                          )    6:12-cv-01555-PK
        Plaintiff,        )
                          )
    v.                    )
                          )
DENNIS HOLMES, et al.,    )    ORDER
                          )
        Defendants.       )

HERNANDEZ, District Judge.

### Motion for Preliminary Injunction [15]

Plaintiff moves the Court for a preliminary injunction directing defendants to provide him with: (1) the satanic bible, book of satanic rituals, the satanic witch, book of the dead, the higher and lower keys of King Solomon and the necronomicon; (2) tools to practice Satanism (two black candles, one white candle, one bell or gong, a wand, a chalice, a black robe and

1 - ORDER

lavender incense); and (3) two hours a month for ritual practice. Motion for Preliminary Injunction [15] at 1 & 4.

To obtain preliminary injunctive relief in the Ninth Circuit, a party must meet one of two alternative tests.[1] Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party has a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and 4) the advancement of the public interest favors granting injunctive relief. Burlington N.R.R. v. Department of Revenue, 934 F.2d 1064, 1084 (9th Cir. 1991).

Under the alternative test, the moving party may meet the burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success

---

[1] Notably, the standards for issuance of a temporary restraining order are at least as exacting as those for a preliminary injunction. Los Angeles Unified Sch. Dist. v. United States Dist. Court for the Cent. Dist. of Cal., 650 F.2d 1004, 1008 (9th Cir. 1981).

2 - ORDER

decreases." Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 874 (9th Cir. 2000).

In response to plaintiff's motion for preliminary injunction, defendants reference their recently filed motion for summary judgment wherein they contend: (1) plaintiff has failed to exhaust administrative remedies pertaining to claims that defendants failed to accommodate his non-literary requests for religious materials such as additional worship time and tools of worship; (2) plaintiff is not sincere in his practice of Satanism; (3) plaintiff has failed to show how denial of the specifically requested texts substantially burdens his practice of Satanism; (4) the denied texts create serious security and safety risks within the prison; (5) any infringement on plaintiff's exercise of religion or free speech is reasonably related to the prison's legitimate interest in prison safety; (6) plaintiff has alternative avenues of practicing his religion via "access to several Satanic books, Satanic pendent, and altar cloth"; (7) the Oregon Department of Corrections does not provide free literature to any religion, but nevertheless purchased several Satanic books for plaintiff's use; and (7) defendants are entitled to qualified immunity on plaintiff's First Amendment claims. Memorandum in Support of Motion for Summary Judgment [29] at 4-11.

Based on these representations, the Court denies plaintiff's motion for injunctive relief on the basis that he has failed to

3 - ORDER

demonstrate a likelihood of success on the merits. <u>Winter v. Natural Res. Def. Council, Inc</u>, 129 S.Ct. 365, 374 (2008)(plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits).

In addition, ordinarily a preliminary injunction maintains the status quo pending a final decision on the merits. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). Plaintiff is asking the court to alter the status quo by granting him, before trial, the very relief he hopes to obtain through this action. Such a "mandatory injunction," as it is known, is granted only in extraordinary circumstances. See <u>LGS Architects, Inc. V. Concordia Homes of Nevada</u>, 434 F.3d 1150, 1158 (9th Cir. 2006); <u>Marlyn Nutraceuticals, Inc. v. Mucas Pharma GmbH & Co.</u>, 571 F.3d 873, 879 (9th Cir. 2009)(mandatory injunction, which goes beyond maintaining the status quo, is particularly disfavored).

## CONCLUSION

Based on the foregoing, plaintiff's Motion for Preliminary Injunction [15] is DENIED.

DATED this 29th day of January, 2013.

_____
Marco A. Hernandez
United States District Judge

4 - ORDER